NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>      Plaintiff,<br>  v.<br><br>ANTHONY SONIA, ANTHONY DE NICOLA, MARIE DE NICOLA, MICHAEL LATELLA, and JOHN LATELLA,<br><br>      Defendants. | **OPINION**<br><br>Civ. No. 2:14-cv-03787 (WHW) (CLW) |

**Walls, Senior District Judge**

In this interpleader action to determine the appropriate beneficiary of a life insurance policy, Defendant Anthony Sonia moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). This motion, decided without oral argument under Federal Rule of Civil Procedure 78(b), is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Paula Sonia passed away on January 18, 2014. Compl. ¶ 10, ECF No. 1. She was the named insured on a life insurance policy issued by Plaintiff Northwestern Mutual Life Insurance Company ("Northwestern Mutual"). *Id.* ¶ 9. Under the policy, Northwestern Mutual will pay a $125,000 employee death benefit to the appropriate beneficiary or beneficiaries. *Id.* ¶¶ 12, 27.

When Northwestern Mutual issued the policy in 2001, Paula Sonia named her then-husband Anthony Sonia the direct beneficiary of the employee death benefit. *Id.* ¶¶ 9, 12, 14. She also named as contingent beneficiaries her parents Anthony and Marie De Nicola, for 50% of the

employee death benefit, and her cousins Michael Latella and John Latella, for 25% each.  *Id.* ¶ 15.  In 2010, Paula and Anthony Sonia divorced.  *Id.* ¶ 16.

Anthony Sonia, Anthony De Nicola, Marie De Nicola, Michael Latella, and John Latella have all asserted claims to Northwestern Mutual for the $125,000 benefit.  *Id.* ¶¶ 18-22.  On March 10, 2014, Mr. Sonia initiated an action against Northwestern Mutual in New Jersey Superior Court.  *Id.*, Ex. E.  In that action, Mr. Sonia seeks a judgment declaring him the beneficiary of Paula Sonia's life insurance policy, compelling Northwestern Mutual to pay him the employee death benefit, and estopping Northwestern Mutual from paying the benefit to any contingent beneficiaries.  *Id.*  Northwestern Mutual filed a motion to dismiss Mr. Sonia's complaint on May 7, 2014, and the New Jersey Superior Court denied it on May 23, 2014.  *Id.* ¶ 24.

On May 29, 2014, Mr. Sonia filed an amended complaint in his New Jersey Superior Court action, naming Anthony De Nicola, Marie De Nicola, Michael Latella, and John Latella as additional defendants.  Def.'s Mot. to Dismiss ("Def.'s Br.") 3, ECF No. 4-1.  Mr. Sonia served Michael Latella and John Latella in New York, as they are not New Jersey residents.  *Id.*, Exs. H, I.  Despite the service of process, Michael Latella and John Latella have not appeared in the New Jersey Superior Court action.  Pl.'s Mem. of Law in Opp. to Def.'s Mot. to Dismiss ("Pl.'s Opp.") 1-2, ECF No. 8.

On June 12, 2014, Northwestern Mutual filed the present complaint in this Court, seeking statutory interpleader under 28 U.S.C. § 1335.  Northwestern Mutual contends that it is ready and willing to pay the employee death benefit to the appropriate party, but would expose itself to conflicting liability by doing so outside of an interpleader action joining all claimants.  *Id.* ¶¶ 27-28.  Defendant Mr. Sonia moves to dismiss Northwestern Mutual's interpleader complaint under Federal Rule of Civil Procedure 12(b)(6).  Mr. Sonia argues that this Court does not have

jurisdiction over the interpleader action and, alternatively, that this Court should defer to the New Jersey Superior Court's adjudication of the dispute. The New Jersey Superior Court has stayed its proceedings pending this Court's potential assumption of jurisdiction. Def.'s Reply, ECF No. 15.

## STANDARD OF REVIEW

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court is required to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Broadcom Corp. v. Qualcomm Inc.*, 501 F.3d 297, 306 (3d Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Although Mr. Sonia does not move under Fed. R. Civ. P. 12(b)(1), he challenges this Court's jurisdiction. There is a "general rule that federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*." *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995). Under the federal interpleader statute, 28 U.S.C. § 1335, district courts have original subject matter jurisdiction in interpleader actions if there is minimal diversity between adverse claimants and an amount in controversy of $500 or more. 28 U.S.C. § 1335; *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530–31 (1967).

## DISCUSSION

1. **Jurisdiction**

This Court has jurisdiction over Plaintiff's interpleader action. Adverse claimants reside in different states, satisfying the minimal diversity requirement, and the amount in controversy exceeds $500. Compl. ¶¶ 3-6, 12. Personal jurisdiction exists under 28 U.S.C. § 2361, which permits national service of process in federal statutory interpleader actions. 28 U.S.C. § 2361; *see NYLife Distributors, Inc. v. Adherence Grp., Inc.*, 72 F.3d 371, 375 (3d Cir. 1995); 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER ET AL., FEDERAL PRACTICE & PROCEDURE § 1711 (3d ed.). Venue is proper because "any civil action of interpleader . . . may be brought in the judicial district in which one or more of the claimants reside," and several claimants reside in New Jersey. 28 U.S.C. § 1397.

Mr. Sonia asserts that this Court must also have federal question jurisdiction, Def.'s Br. 10, but this is incorrect. Plaintiff has brought a statutory interpleader action under 28 U.S.C. § 1335, not a rule interpleader action under Federal Rule of Civil Procedure 22. As such, the Court has original jurisdiction and needs no independent basis for subject matter jurisdiction. *See Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275-76 (3d Cir. 2007).

### 2. Abstention

Mr. Sonia also argues that Plaintiff's interpleader complaint should be dismissed to allow the New Jersey Superior Court to resolve this dispute. Def.'s Br. 11.

Federal courts generally have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). However, they can abstain from hearing cases in some circumstances. The Third Circuit has instructed that district courts have discretion to dismiss or abstain from an interpleader action when a parallel proceeding exists in state court. *NYLife Distributors, Inc.,* 72 F.3d at 382.

Interpleader is an equitable remedy intended to "allow a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *Prudential Ins. Co. of Am. v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009) (internal quotations omitted). If there is a parallel state proceeding, the district court must determine whether the issues raised by the interpleader action may be better resolved in the state court. *NYLife Distributors, Inc.,* 72 F.3d at 382-83. "[T]he court should evaluate which forum will protect the stakeholder more effectively while providing the claimants with the more efficient, convenient, and expeditious vehicle to settle their dispute to the fund." *Id.* at 383.

A parallel proceeding is one "pending in a state court in which all the matters in controversy between the parties could be fully adjudicated." *Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 137 n.9 (3d Cir. 2014) (citing *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 495 (1942)). The parties in the two actions need not be completely identical for the actions to be parallel, but rather a "substantial identity of parties and claims" must exist. *IFC Interconsult, AG v. Safeguard Int'l Partners*, LLC, 438 F.3d 298, 306 (3d Cir. 2006).

The Court finds that the New Jersey Superior Court action is not fully parallel because Michael Latella and John Latella have not appeared in that action, and due process concerns make it uncertain that the New Jersey Superior Court can exercise personal jurisdiction over them.[1]

---

[1] The due process clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 319 (1945). The individual must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co., Ltd.,* 496 F.3d 312, 316 (3d Cir. 2007). The Latellas reside in New York and there is no indication that they have contacts with New Jersey. The service of process on the Latellas in New York does not confer personal jurisdiction in New Jersey Superior Court. The New Jersey long-arm statute extends New Jersey courts' personal jurisdiction only to constitutional limits.

Without Michael and John Latella, the New Jersey action does not encompass all claimants to the employee death benefit. It cannot bind all claimants to a resolution that will protect Northwestern Mutual from multiple liability. Federal interpleader actions are appropriate in these circumstances because the federal court can assert personal jurisdiction over all claimants. Plaintiff's interpleader action is best maintained in this Court.

### 3. Sufficiency of Plaintiff's Pleading

Though he moves under Federal Rule of Civil Procedure 12(b)(6), Mr. Sonia does not raise, and the Court does not find, any deficiencies in Plaintiff's pleading. Plaintiff's complaint adequately states a plausible claim to interpleader relief.

## CONCLUSION

The Court denies Mr. Sonia's motion to dismiss. An appropriate order follows.

Date: September 23, 2014

/s/ **William H. Walls**
United States Senior District Judge