UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,<br><br>      Plaintiff,<br><br>  v.<br><br>ANTHONY SONIA, ANTHONY DE NICOLA, MARIE DE NICOLA, MICHAEL LATELLA, and JOHN LATELLA,<br><br>      Defendants. | **OPINION AND ORDER**<br><br>Civ. No. 2:14-cv-03787 (WHW) (CLW) |

**Walls, Senior District Judge**

In this interpleader action to determine the appropriate beneficiary of a life insurance policy, Plaintiff The Northwestern Mutual Life Insurance Company ("Northwestern Mutual") moves for interpleader relief. On October 8, 2014, Magistrate Judge Waldor granted Plaintiff's motion in part by ordering that Plaintiff deposit the benefit amount, $125,000 together with any accrued claim interest, with the Clerk of the Court. ECF No. 32. Plaintiff's motion has been decided without oral argument under Federal Rule of Civil Procedure 78(b). The Court now grants the remainder of the interpleader relief Plaintiff seeks.

**FACTUAL AND PROCEDURAL BACKGROUND**

Paula Sonia passed away on January 18, 2014. Compl. ¶ 10, ECF No. 1. She was the named insured on a life insurance policy issued by Plaintiff. *Id.* ¶ 9. Under the policy, Northwestern Mutual will pay a $125,000 employee death benefit to the appropriate beneficiary or beneficiaries. *Id.* ¶¶ 12, 27. Anthony Sonia, Anthony De Nicola, Marie De Nicola, Michael Latella, and John Latella have asserted conflicting claims to Northwestern Mutual for the benefit. *Id.* ¶¶ 18-22. Northwestern Mutual filed its complaint in this Court, seeking statutory interpleader under 28

**NOT FOR PUBLICATION**

U.S.C. § 1335. Defendant Anthony Sonia moved to dismiss the complaint, ECF No. 4, and this Court denied the motion on the grounds that its jurisdiction is proper and that abstention in favor of a New Jersey state court proceeding is inappropriate. ECF No. 27.

Plaintiff seeks to deposit the employee death benefit with this Court, to be dismissed from this action with prejudice, and to be discharged from all liability with respect to the deposited funds. Pl.'s Br. in Supp. Interpleader Relief 10, ECF No. 21. Plaintiff also asks the Court to restrain Defendants from initiating or pursuing any action against Plaintiff regarding Paula Sonia's life insurance policy or the employee death benefit and to be given leave to file an application for attorneys' fees. *Id.* Defendant Anthony Sonia consents to all of the relief requested by Plaintiff except for its request to file an application for attorney's fees. Aff. of David C. Stanziale ¶¶ 5, 8, ECF No. 24. The remaining Defendants did not submit opposition papers.

## STANDARD OF REVIEW

Under the federal interpleader statute, 28 U.S.C. § 1335, district courts have original jurisdiction of interpleader actions if the plaintiff has deposited money or property worth $500 or more with the court and two or more adverse claimants to that money or property are of diverse citizenship. 28 U.S.C. § 1335. The purpose of interpleader is to allow the stakeholder to file suit, deposit property with the court, withdraw from the proceedings, and leave the competing claimants to litigate between themselves. *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 275 (3d Cir. 2007). An interpleader action "typically involves two steps: during the first, the district court determines whether the requirements of the statute have been met and whether the stakeholder may be relieved from liability; during the second, it actually adjudicates the defendants' adverse claims to the interpleaded fund." *NYLife Distributors, Inc. v. Adherence Group, Inc.*, 72 F.3d 371, 375 (3d Cir. 1995). Under 28 U.S.C. § 2361, the district court may restrain claimants from pursuing separate

actions that could affect the property and may discharge the plaintiff from further liability. 28 U.S.C. § 2361.

District courts have "discretion to award to an interpleader plaintiff attorneys fees and costs if the plaintiff is (1) a disinterested stakeholder, (2) who had conceded liability, (3) has deposited the disputed funds with the court, and (4) has sought a discharge from liability." *Metro. Life Ins. Co. v. Kubichek*, 83 F. App'x 425, 431 (3d Cir. 2003) (citing *Septembertide Publ'g, B.V. v. Stein & Day, Inc.*, 884 F.2d 675, 683 (2d Cir. 1989)).

## DISCUSSION

The Court is satisfied that the requirements of the interpleader statute will be met once Plaintiff deposits the employee death benefit with the Clerk of the Court. The interpleader statute's diversity requirement is satisfied because adverse claimants to the benefit reside in different states: Anthony Sonia, Anthony De Nicola, and Marie De Nicola in New Jersey and Michael Latella and John Latella in New York. Compl. ¶¶ 3-6. The amount in controversy of $125,000 exceeds the statute's $500 minimum. *Id.* ¶ 12. The only remaining statutory requirement is that Plaintiff deposit the benefit amount into the registry of the Court. Once Plaintiff does so, Plaintiff shall be dismissed from this case and discharged from further liability. Because Plaintiff may be entitled to attorneys' fees at the Court's discretion, Plaintiff may file an application for appropriate attorneys' fees within thirty days of the date of this order.

## CONCLUSION AND ORDER

Plaintiff's motion for interpleader relief is granted. It is, on this 21st day of October, 2014, ORDERED that:

1. Upon Plaintiff's deposit of the employee death benefit in the amount of $125,000 plus any accrued interest with the Clerk of the Court, Plaintiff shall

**NOT FOR PUBLICATION**

       be dismissed from this action with prejudice and discharged from further liability with respect to the deposited funds;

2. Defendants are restrained from initiating or pursuing any other action or proceeding against Plaintiff regarding Paula Sonia's life insurance policy or the employee death benefit;

3. Plaintiff may file an application for appropriate attorneys' fees within thirty days of the date of this order.

Date: October 21, 2014

                                           **/s/ William H. Walls**
                                           United States Senior District Judge